UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JANELLE EDWARDS,                                         **AMENDED COMPLAINT**

                    Plaintiff,                               **13 CV 8485 (GBD)**

       -against-

THE CITY OF NEW YORK, RAYMOND W. KELLY,
COMMISSIONER OF THE NEW YORK CITY
POLICE DEPARTMENT, POLICE OFFICER MICHAEL
GOLDEN, TAX I.D. #946484; POLICE OFFICER
NATALIA GUZMAN MORALES, TAX I.D. # 914873;
PEDRO MARCANO, TAX I.D. # 940418; and other
unidentified NEW YORK CITY POLICE OFFICERS,
in their individual and official capacity as Officers of the
NEW YORK CITY POLICE DEPARTMENT,
                                                    **JURY TRIAL DEMANDED**
                    Defendants.
------------------------------------------------------------------------X

       The Plaintiff, complaining of the Defendants, by her attorney, AMY MARION, ESQ., respectfully shows to this Court and alleges that she suffered abuse and sustained injury at the hands of the above Defendants.

## JURISDICTION AND VENUE

    1.    Jurisdiction is founded upon the existence of a Federal Question.

    2.    This is an action to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of rights, privileges, and immunities secured to Plaintiff by the Fourth and Fourteenth Amendments to the Constitution of the United States pursuant to 42 U.S.C. § 1983 and arising under the laws and statutes of the State of New York.

    3.    Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343(3), and 1343(4), this being an action authorized by law to redress the deprivation under color of law, statute, ordinance, regulation, custom and usage of a right, privilege, and immunity secured to Plaintiff by the Fourth and Fourteenth Amendments to the Constitution of the United States.

1

4. That venue is proper pursuant to 28 U.S.C. §1391(b)(1&2).

5. The matter in controversy exceeds, exclusive of interest and costs, the sum or value of ONE HUNDRED FIFTY THOUSAND ($150,000.00) DOLLARS.

6. That an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988.

**7.** That this Court has jurisdiction to hear Plaintiff's state claims pursuant to 28 U.S.C. §1367.

## JURY DEMAND

8. Pursuant to the Seventh Amendment of the United States Constitution, Ms. Edwards requests a jury trial on all issues and claims set forth in this Complaint.

## PARTIES

9. Plaintiff, Janelle Edwards, is a resident of Bronx County in the State of New York.

10. At all times hereinafter mentioned, the Defendant City of New York (NYC) was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

11. Upon information and belief, that at all times relevant and all times mentioned herein, the Defendant City of New York, its agents, servants and employees operated, maintained and controlled THE NEW YORK CITY POLICE DEPARTMENT (NYCPD), including all the police officers thereof and that NYC is vicariously liable for the violations of New York State tort law by its servants, agents and employees via the principle of respondeat superior as at all times relevant all Defendant officers were acting for, upon, and in furtherance of the business of their employer and within the scope of their employment.

12.     Upon information and belief, that at all times relevant and all times mentioned herein, Defendants Officer Michael Golden, Officer Natalia Guzman Morales, Officer Pedro Marcano and unidentified NYPD officers were employed by the Defendant, CITY OF NEW YORK, as police officers in New York City, New York.

13.     THE NEW YORK CITY POLICE DEPARTMENT, is a local governmental agency, duly formed and operating under and by virtue of the laws and Constitution of the State of New York and the Commissioner of the NYPD is responsible for the policies, practices and customs of the NYPD as well as the hiring, screening, training, supervising, controlling and disciplining of its police officers and civilian employees.

14.     This action arises under the Constitution of the United States, particularly under the provisions of the Fourth and Fourteenth Amendments of the Constitution of the United States, and under federal law, particularly the Civil Rights Act, Title 42 of the United States Code, Section 1983 and the rights under the Constitution and laws of the State of New York.

15.     Each and all of the acts of the Defendants alleged herein were performed by the Defendants, their agents, servants and employees, and each of them not as individuals, but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York, the City of New York, and under the authority of their office as police officers of said state and city.

**STATEMENT OF FACTS**

16.     During the late evening hours of January 5, 2011, Plaintiff was a passenger in a vehicle which was traveling on Corse Avenue in the Bronx.

17.     The driver of the vehicle stopped the car so that he could use the bathroom. He is diabetic and has one leg and could not proceed any further without relieving himself.

18. When the vehicle stopped, several police officers approached the vehicle.

19. Two male officers in plain clothes approached the driver side of the vehicle.

20. A female Hispanic officer in uniform told Ms. Edwards to exit the vehicle.

21. Ms. Edwards was asked for identification, which she then provided to the officer.

22. The female officer stated to Ms. Edwards that she better start talking and she poked Ms. Edwards in her head.

23. The officer then grabbed Ms. Edwards' left arm and pulled it behind her back and pushed Ms. Edwards to the ground.

24. While on the ground Ms. Edwards was kicked by numerous officers in her face and her back.

25. Ms. Edwards was struck in her back with a baton.

26. Ms. Edwards was taken to the hospital for her injuries.

**AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFFS PURSUANT TO 42 U.S.C. § 1983 EXCESSIVE FORCE**

27. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully and at length set forth herein.

28. That the Plaintiffs' rights have been violated under the Fourth Amendment of the United States Constitution pursuant to 42 U.S.C. § 1983, in that Defendants used non-deadly excessive physical force against all Plaintiff.

29. Defendants pushed, kicked, and beat Plaintiff.

30. The force used was not objectively reasonable given the circumstances in that the Plaintiff was seated in a vehicle as a passenger and was not doing anything illegal.

4

31. Plaintiff was not resisting arrest and was not attempting to evade arrest; she did not pose an immediate threat to the Defendants nor did they pose a threat to the safety of the Defendants or others.

32. It is clearly established that at the time of Plaintiff's arrest, the Defendants had fair warning that pushing, kicking and beating Plaintiff was unconstitutional.

33. The force used by the Defendants was not reasonably related to the nature of the situation and was not reasonably related to any force or perceived threat of force by Defendants.

34. That by reason of the unlawful use of force, Plaintiff incurred physical, emotional and pecuniary harms, suffered humiliation, mental anguish, embarrassment, and she was otherwise injured.

35. That by reason of the aforesaid, the Plaintiff has each been damaged in a sum to be determined by a jury and an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988.

**AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF
VIOLATION OF THE PLAINTIFF'S CONSTITUTIONAL RIGHTS UNDER
42 U.S.C. §1983 – SUPERVISOR LIABILITY**

36. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully and at length set forth herein.

37. That the Plaintiff's rights have been violated under the Fourth and Fourteenth Amendments to the United States Constitution by the Defendants who were supervisors of the officers who violated and abused Plaintiff's rights.

38. That these Defendants, Officer Michael Golden, Officer Natalia Guzman Morales, Officer Pedro Marcano and unidentified NYPD officers who were supervisors had actual and constructive knowledge of the illegal seizure, false arrest, invasion of privacy and destruction of

5

property of Plaintiff and various torts which were being committed by their subordinates against the Plaintiff.

39. That the Defendant supervisors did cause the Plaintiff's harms by failing to remedy the patterns of illegal entries, false arrest, and invasions of privacy and other constitutional violations the Defendants committed after learning of them, and by creating a policy and custom under which unconstitutional practice occurred and was tolerated and their gross negligence in managing their subordinates.

40. That by reason of the unlawful assault, the Plaintiff incurred physical, emotional and pecuniary harms, suffered humiliation, mental anguish, embarrassment, her reputation in the community and she was otherwise injured.

41. That by reason of the aforesaid, the Plaintiff has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS and an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988.

**AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFF VIOLATION OF THE PLAINTIF'S CONSTITUTIONAL RIGHTS PURSUANT TO 42 U.S.C. § 1983 BY THE CITY OF NEW YORK – MONELL CLAIM**

42. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully and at length set forth herein.

43. That the Plaintiff's rights have been violated under the Fourth and Fourteenth Amendments to the United States Constitution by the Defendant City of New York (NYC).

44. Defendants NYC, Officer Michael Golden, Officer Natalia Guzman Morales, Officer Pedro Marcano and unidentified NYPD officers who were supervisors and final decision makers as a matter of policy and practice, have acted with a callous, reckless and deliberate indifference to Plaintiffs Constitutional rights under the constitution and the laws of the United

States, in that they failed to adequately discipline, train, supervise or otherwise direct police officers concerning the rights of citizens, thereby causing the Defendant officers in this case to engage in the above-mentioned conduct.

45. Defendant NYC, Officer Michael Golden, Officer Natalia Guzman Morales, Officer Pedro Marcano and unidentified NYPD officers who were supervisors and final decision makers as a matter of policy and practice, have with deliberate indifference failed to properly sanction or discipline police officers, including the Defendants in this case for violations of the constitutional rights of citizens, thereby causing Defendants in this case, to engage in unlawful conduct which did cause the Plaintiff to be subjected to deprivations of her civil rights.

46. Defendant NYC, Officer Michael Golden, Officer Natalia Guzman Morales, Officer Pedro Marcano and unidentified NYPD officers who were supervisors and final decision makers as a matter of policy and practice, have with deliberate indifference failed to properly sanction or discipline police officers, including the Defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other police officers thereby causing and encouraging police officers, including Defendants in this case, to engage in unlawful conduct.

47. That NYC, Officer Michael Golden, Officer Natalia Guzman Morales, Officer Pedro Marcano and unidentified NYPD officers who were supervisors and final decision makers as a matter of policy and practice, have failed to train the Defendants in the proper criteria to handle domestic disputes and in understanding the rights of citizens.

48. That NYC, Officer Michael Golden, Officer Natalia Guzman Morales, Officer Pedro Marcano and unidentified NYPD officers who were supervisors and final decision makers

as a matter of policy and practice, have failed to train the Defendants in the proper criteria to properly conduct an investigation.

49. That NYC, Officer Michael Golden, Officer Natalia Guzman Morales, Officer Pedro Marcano and unidentified NYPD officers who were supervisors and final decision makers as a matter of policy and practice, have failed to train the Defendants and insure that Defendants understand proper comportment, are capable of maintaining appropriate control of their tempers, and are capable of behaving appropriately and properly when carrying a weapon and wielding the force of law enforcement authority.

50. That NYC, Officer Michael Golden, Officer Natalia Guzman Morales, Officer Pedro Marcano and unidentified NYPD officers who were supervisors and final decision makers as a matter of policy and practice, have failed to train the Defendants as to the existence and elements of the affirmative duty of a law enforcement officer to intervene to prevent the preventable violations of citizens' civil rights from being perpetrated by a fellow officer in his or her presence.

51. That NYC, Officer Michael Golden, Officer Natalia Guzman Morales, Officer Pedro Marcano and unidentified NYPD officers who were supervisors and final decision makers as a matter of policy and practice, have failed to train the Defendants as to the existence of the rights to privacy and to treat arrestees with respect and not assault them.

52. That by reason of the unlawful assault, the Plaintiff incurred physical, emotional and pecuniary harms, suffered humiliation, mental anguish, embarrassment, her reputation in the community and she was otherwise injured.

53. That by reason of the aforesaid, the Plaintiff has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS and an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988.

### AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF VIOLATION OF THE PLAINTIF'S CONSTITUTIONAL RIGHTS PURSUANT TO 42 U.S.C. § 1983 AND THE FOURTH AND FOURTEENTH AMENDMENTS VIA THE DEFENDANT OFFICERS' FAILURE IN THEIR AFFIRMATIVE DUTY TO INTERVENE

54. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully and at length set forth herein.

55. That the Plaintiff's rights have been violated under the Fourth and Fourteenth Amendments to the United States Constitution by the individual Defendants.

56. That there exists a duty for Defendant police officers to intervene to prevent the preventable violation of civil rights taking place in their presence when there is a reasonable opportunity to do so.

57. That such opportunity existed for the Defendants in the instant case.

58. That the Defendants, by failing in their affirmative duty to intervene are responsible for the violations of the Plaintiff's Fourth and Fourteenth Amendment rights.

59. That by reason of the unlawful assault, the Plaintiff incurred physical, emotional and pecuniary harms, suffered humiliation, mental anguish, embarrassment, her reputation in the community and she was otherwise injured.

60. That by reason of the aforesaid, the Plaintiff has been damaged in a sum to be determined by a jury and an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988.

**WHEREFORE**, Janelle Edwards prays as follows:

    A. That the Court award compensatory damages to her and against the Defendants, jointly and severally, in an amount to be determined at trial;

B. That the Court award punitive damages to her, and against all individual Defendants, on the Seventh Cause of Action, in an amount to be determined at trial, that will deter such conduct by Defendants in the future;

C. For a trial by jury;

D. For pre-judgment and post-judgment interest and recovery of her costs, including reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 for all causes of action; and

E. For any and all other relief to which she may be entitled.

Dated: January 31, 2014
Garden City, New York

BARKET MARION EPSTEIN & KEARON, LLP

By: _____
Amy B. Marion, Esq.
666 Old County Road-Suite 700
Garden City, N.Y. 11530
(516) 745-1500